NO. 07-01-0460-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 29, 2002

______________________________

IN THE MATTER OF THE MARRIAGE OF

CHERYL VINEYARD AND JOHN VINEYARD

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2001-513,025; HONORABLE RUSTY LADD, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO REQUIRE DOCUMENTS

Appellant John Vineyard, who is incarcerated, has appealed pro se from an order of the trial court granting a decree of divorce to appellee Cheryl Vineyard.  Currently before us is appellant’s “Motion to Require Documents,” which requests that we obtain from the court clerk “any and all motions, pleadings, answers, docket, letters or other written materials in this cause above entitled as 
Vineyard v. Vineyard
 #2001-513,025, to the clerk, judge or otherwise.”  He asserts that the clerk has not forwarded any such documents to him and they are necessary to the findings of this court.  Appellant also requests that we obtain from Jeffrey Rusk, counsel for appellee, “a copy of all correspondence, motions, filed documents and written matter sent him by appellant in regard to this cause prior to trial.”  Finally, appellant requests that we obtain from the “TDCJ Middleton Unit mailroom and from TDCJ indigent supplies mailing list” a copy of all indigent legal mail sent by him from September 1-10, 2001, in order to show “the legal log” describing the mail to the clerk and his “motions for jury trial, writ, continuance, and mediated resolution.”  

  Appellant filed an affidavit of indigence with the trial court with respect to his appeal, and a copy of the clerk’s and reporter’s records have been received by this court.  Appellant has also filed a pro se brief in this matter.  Therefore, we have before us for consideration all of the items that appellant requests we obtain from the court clerk.  

With respect to the items appellant requests we obtain from counsel for appellee, the clerk’s record contains copies of the motions and other documents filed in this matter, including appellant’s motion for continuance, motion for jury trial, motion for mediated resolution, and motion for writ of habeas corpus and bench warrant.  Thus, those items are before this court for consideration.  However, no subpoena or request for production of correspondence and other written matter appear in the record to show that appellant requested them at the trial court level, and he has not cited authority by which we have jurisdiction to order the production of them now.  The appellate record consists of the clerk’s record and, if necessary, the reporter’s record.  Tex. R. App. P. 34.1.  There is no provision in the rules for this court to order from attorneys or third parties the production of other documents not contained in those transcripts for inclusion in the record.  

The same is true with respect to the records of the mail room of the Middleton Unit of the Texas Department of Criminal Justice.  However, as already noted, appellant’s motion for continuance, motion for jury trial, motion for writ of habeas corpus and bench warrant, and motion for mediated resolution showing the time and date of filing and the cover letter transmitting the same are in the clerk’s record, which have been provided to this court.  Therefore, it appears that all of the documents requested by appellant either already appear in the record or we have no authority to order their production.     

Thus, for the reasons set forth, appellant’s motion is overruled.

Per Curiam

Do not publish.